**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 97-1067**

---

ANDREWS BARTLETT & ASSOCIATES, INCORPORATED,
now known as GES Exposition Services,
Incorporated,

Plaintiff - Appellant,

versus

AMERICAN SOCIETY OF HEALTH-SYSTEMS PHARMA-
CISTS, INCORPORATED (ASHP), formerly known as
American Society of Hospital Pharmacists,
Incorporated,

Defendant - Appellee.

---

**No. 97-1068**

---

ANDREWS BARTLETT & ASSOCIATES, INCORPORATED,
now known as GES Exposition Services,
Incorporated,

Plaintiff - Appellant,

versus

AMERICAN SOCIETY OF HEALTH-SYSTEMS PHARMA-
CISTS, INCORPORATED (ASHP), formerly known as
American Society of Hospital Pharmacists,
Incorporated,

Defendant - Appellee.

Appeals from the United States District Court for the District of Maryland, at Baltimore. Frank A. Kaufman, Senior District Judge. (CA-95-2671-K)

Argued: October 2, 1997          Decided: November 12, 1997

Before MICHAEL, Circuit Judge, BUTZNER, Senior Circuit Judge, and MAGILL, Senior Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Julie Hions O'Kane, DRAGE, deBEAUBIEN, KNIGHT, SIMMONS, ROMANO & NEAL, Orlando, Florida, for Appellant. Jeffrey Moore Johnson, DICKSTEIN, SHAPIRO, MORIN & OSHINSKY, L.L.P., Washington, D.C., for Appellee. **ON BRIEF:** David H. Simmons, DRAGE, deBEAUBIEN, KNIGHT, SIMMONS, ROMANO & NEAL, Orlando, Florida, for Appellant. Julia A. Bronson, DICKSTEIN, SHAPIRO, MORIN & OSHINSKY, L.L.P., Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

This case arises out of a dispute between the plaintiff-appellant, Andrews Bartlett & Associates, Inc., and the defendant-appellee, American Society of Health-Systems Pharmacists, Inc. (ASHP). The two parties had an extended contractual relationship during which Andrews Bartlett produced conventions and meetings for ASHP. In 1994 ASHP ended this relationship under a termination clause in the most recent contract. Andrews Bartlett sued ASHP, and the district court held (1) that the termination clause unambiguously granted ASHP the right to end the contract if it was dissatisfied with Andrews Bartlett's performance and (2) that there was sufficient uncontroverted evidence of that dissatisfaction to merit summary judgment for ASHP. Andrews Bartlett appeals, and we affirm on the reasoning of the district court. See <u>Andrews Bartlett & Associates, Inc. v. American Society of Health-Systems Pharmacists, Inc.</u>, Civil Action No. K-95-2671 (D. Md. Nov. 25, 1996).

<u>AFFIRMED</u>

3